J-S66042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
OMAR DANIEL DEKEYSER, :
:
Appellant : No. 597 MDA 2014

Appeal from the PCRA Order entered on March 6, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No. CP-36-CR-0005474-2008

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 26, 2014**

Omar Daniel Dekeyser ("Dekeyser") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  *See* 42 Pa.C.S.A. § 9541-9546.  We affirm.

In February 2008, Dekeyser was stopped for speeding while driving a vehicle that belonged to his girlfriend, Dawn Jones ("Jones").  The officer ascertained that Dekeyser was driving with a suspended license, and that he had four prior drug arrests.  Following a canine search of the vehicle's exterior, the police obtained a search warrant, the execution of which produced 124 grams of crack cocaine.

Dekeyser was charged with possession with intent to deliver cocaine, possession of cocaine, possession of drug paraphernalia, driving while operating privileges are suspended, exceeding the speed limit and improper

screening.[1]  Dekeyser filed a Motion to Suppress, which the trial court denied on February 18, 2010.  The case then proceeded to a bench trial on stipulated facts, after which the trial court found Dekeyser guilty of all charges except improper screening.  That same day, the trial court sentenced Dekeyser to an aggregate prison term of 7 to 14 years.

Dekeyser filed a timely Notice of Appeal.  This Court remanded on the issue related to Dekeyser's waiver of a jury trial in the absence of an oral or written colloquy.  *Commonwealth v. Dekeyser*, 23 A.3d 1092 (Pa. Super. 2011) (unpublished memorandum).  The trial court subsequently held an evidentiary hearing to address the issue.  The trial court found that Dekeyser made no effort to timely preserve the issue for appeal.  This Court agreed and concluded that Dekeyser had waived the issue; nevertheless, this Court alternatively concluded that Dekeyser knowingly and voluntarily waived his right to a jury trial.  *See Commonwealth v. Dekeyser*, 29 A.3d 836 (Pa. Super. 2011) (unpublished memorandum).  Dekeyser filed a Petition for Allowance of Appeal, which the Pennsylvania Supreme Court denied in October 2011.

Dekeyser, *pro se*, timely filed the instant PCRA Petition in January 2012.  The PCRA court appointed Dekeyser counsel, who filed an amended Petition.  The PCRA court denied Dekeyser's Petition.  Dekeyser filed a timely

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32); 75 Pa.C.S.A. §§ 1543, 3362, 4524(e).

Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Dekeyser raises the following questions for our review:

I. Was trial counsel ineffective for advising [] Dekeyser to proceed with a stipulated bench trial, rather than to have a jury trial in which he contested constructive possession of the cocaine hidden behind the armrest in the back seat of the vehicle he was driving when stopped by the police?

II. Was trial counsel ineffective for accepting payment from [] Jones to represent [] Dekeyser where [] Jones, as the owner of the vehicle, had an interest which conflicted with [] Dekeyser's interest, [] Dekeyser did not waive this conflict, and trial counsel did not advise [] Dekeyser to contest constructive possession of the cocaine found in Jones's vehicle because this would have required [trial counsel] to claim that Jones was the owner of the cocaine?

Brief for Appellant at 5.

In his first claim, Dekeyser argues that trial counsel was ineffective for advising him to proceed with a stipulated bench trial. *Id.* Specifically, he claims that in foregoing a jury trial, he relinquished a defense that he was not in constructive possession of the cocaine. *Id.* at 15-17, 19. Dekeyser argues that trial counsel incorrectly stated, during the evidentiary hearing, that Dekeyser did not wish to pursue a defense based on lack of constructive possession because he would have to assign blame to Jones. *Id.* at 17-18.

To succeed on an ineffectiveness claim, Dekeyser must demonstrate by a preponderance of the evidence that

(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but

- 3 -

for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

As to the underlying claim, this Court determined, in alternative analysis, that Dekeyser knowingly and voluntarily waived his right to a jury trial. *See Commonwealth v. Dekeyser*, 29 A.3d 836 (unpublished memorandum at 9-12); *see also* N.T., 2/22/11, at 6-7, 9-12, 15, 28-30.

Specifically, this Court concluded the following:

[T]rial counsel testified she discussed at length with [Dekeyser], who she characterized as "sophisticated with the criminal justice system," the pros and cons of a bench trial versus a jury trial. She further testified that she believed [that Dekeyser] clearly understood his rights and [Dekeyser] affirmatively indicated he wished to proceed with a stipulated bench trial. In addition, upon questioning by the trial court, [Dekeyser] admitted that he had at least four prior felony drug convictions, one of which resulted "recently" from a conviction following a jury trial. Therefore, although the procedural devices of an oral or written colloquy were not used in the case *sub judice*, we conclude that the totality of the circumstances reveal that [Dekeyser] understood the essential elements of a jury trial and voluntarily waived his right thereto.

*Commonwealth v. Dekeyser*, 29 A.3d 836 (unpublished memorandum at 12) (citation omitted). Upon our review of the record, we agree with this Court's analysis and conclude that the underlying claim has no merit. Thus,

- 4 -

Dekeyser cannot succeed on a claim of ineffective assistance of counsel for advising him to proceed with a bench trial.

In his second claim, Dekeyser argues that trial counsel was ineffective for accepting payment from Jones for his representation, which created a conflict of interest. Brief for Appellant at 20. Dekeyser claims that after accepting payment from Jones, trial counsel represented conflicting interests by foregoing a trial defense that Dekeyser was not in constructive possession of the cocaine because it would implicate Jones. *Id.* at 22-24.

> An appellant cannot prevail on a preserved conflict of interest claim absent a showing of actual prejudice. Nevertheless, we presume prejudice when the appellant shows that trial counsel was burdened by actual—rather than mere potential—conflict of interest. To show an actual conflict of interest, the appellant must demonstrate that: (1) counsel actively represented conflicting interests; and (2) those conflicting interests adversely affected his lawyer's performance.

*Commonwealth v. Collins*, 957 A.2d 237, 251 (Pa. 2008).

Here, trial counsel testified that Jones was never her client, that she never challenged the forfeiture of Jones's vehicle, and that she never filed anything on Jones's behalf. *See* N.T., 9/11/13, at 14, 18-19. Moreover, because this claim specifically relates to a constructive possession defense at a jury trial, and we have already determined that Dekeyser waived his right to a jury trial, Dekeyser cannot now argue that failure to raise a trial defense was a result of a conflict of interest. Thus, Dekeyser cannot succeed on his claim of ineffective assistance of counsel due to a conflict of interest.

J-S66042-14

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/26/2014</u>